**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

**FT. MYERS DIVISION**

LOWER CASE NO.: 18000904CA

JEREMY WILSON,

    Plaintiff,                               CIVIL ACTION NO.:

vs.

RELIANT REAL ESTATE MANAGEMENT
LLC, d/b/a STORESMART OF ENGLEWOOD,
a Florida Limited Liability Company

    Defendant.
_____/

**RELIANT REAL ESTATE MANAGEMENT, LLC d/b/a
STORESMART OF ENGLEWOOD'S NOTICE OF REMOVAL**

Defendant RELIANT REAL ESTATE MANAGEMENT LLC, d/b/a STORESMART OF ENGLEWOOD ("Reliant"), pursuant to 28 U.S.C. §§ 1331 and 1446, and Local Rule 4.02, respectfully submits this Notice of Removal of this action from the 20th Judicial Circuit Court in and for Charlotte County, Florida to the United States District Court for the Middle District of Florida, Ft. Myers Division, on the following grounds:

1.    According to the State court docket, on September 13, 2018, Plaintiff JEREMY WILSON filed his Complaint against Reliant in the 20th Judicial Circuit Court in and for Charlotte County, Florida, styled as *Wilson, Jeremy v. Reliant Real Estate Management, LLC d/b/a Storesmart of Englewood,* Case No.: 18000904CA, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), Florida Whistleblower Retaliation, and breach of contract (the "State Court Action").[1]

---
[1] Ex. 1, Docket Sheet, State Court Action.

2. The Notice of Removal is timely under 28 U.S.C. § 1446(b) because Reliant was served with a copy of the Summons and Complaint from the State Court Action on September 21, 2018.

3. Title 28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted claims under the FLSA for alleged unpaid wages and overtime wage compensation. (*See* Complaint, ¶ 2).

5. Plaintiff further seeks damages all arising from the alleged employment relationship between the parties to which Plaintiff claims to have been wrongfully terminated due to Plaintiff's objections to, among other things, Reliant's pay practices under the FLSA including, but not limited to, unpaid wages and overtime wage compensation. (*See* Complaint, ¶¶ 2, 34).

6. Accordingly, because there is federal question jurisdiction for this action under 28 U.S.C. §1331, this Court is vested with original subject matter jurisdiction over this action. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003) (United States District Courts "have original jurisdiction over FLSA claims under 28 U.S.C. § 1331, as "arising under the Constitution, laws, or treaties of the United States," and § 1337(a), as 'arising under any Act of Congress regulating commerce.'").

7. Plaintiff's action constitutes a civil action within the Court's original jurisdiction and may be removed to this Court. 28 U.S.C. §1441(a) provides that a civil action originally brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. *See Breuer*, 538 U.S. 691 (affirming the decision of the Eleventh Circuit Court of Appeals that the plaintiff's FLSA action could be properly removed under 28 U.S.C. § 1441).

8. Plaintiff has alleged that the claims asserted have all arisen within Charlotte County, Florida, where Plaintiff worked for Reliant. (*See* Complaint, ¶¶ 4-5). "All cases removed to this Court from the courts of the State of Florida shall be docketed and assigned…in the Division encompassing the county of the State in which the case was pending." Local Rule 4.02.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice will be served on Plaintiff, the adverse party, and a copy of this notice will also be contemporaneously filed with the clerk of the State Court Action.

10. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02, true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, served upon Reliant in the State Court or otherwise on file in the State Court Action, which includes the Complaint,[2] Civil Cover Sheet, Summons, Return of Summons, and Standing Order for Non-Foreclosure Civil Cases in Charlotte County.[3] No other process, pleadings, or orders have been filed in the State Court Action.

WHEREFORE, Defendant RELIANT REAL ESTATE MANAGEMENT LLC, d/b/a STORESMART OF ENGLEWOOD respectfully requests that this Court assume jurisdiction of this cause as if it had been originally filed in this Court, that further proceedings in the State Court Action be stayed, and for such further relief, at law or in equity, general or special, that the Court deems just and proper.

Dated: October 19, 2018.

---

[2] Ex. 2, Complaint, State Court Action.
[3] Composite Ex. 3, Remaining State Court Action Documents.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: /s/ *Michelle D. Cofiño*
Reginald J. Clyne, Esq.
Florida Bar No.: 654302
Michelle D. Cofiño, Esq.
Florida Bar No.: 27684
Gary I. Masel, Esq.
Florida Bar No. 26532
***Counsel for Defendant***

9300 S. Dadeland Blvd., 4th Floor
Miami, FL 33156
Tel: (305) 670-1101
Fax: (305) 670-1161
Email: Reginald.clyne@qpwblw.com
michelle.cofino@qpwblaw.com
Gmasel@qpwblaw.com
cecilia.quevedo@qpwblaw.com
Gcastro@qpwblaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by email to Noah E. Storch, Esq. and Robert Pecchio, Esq., noah@floridaovertimelawyer.com, Robert@floridaovertimelawyer.com, Richard Celler Legal, P.A., 7450 Griffin Road, Suite 230, Davie, Florida 33314, on this 19th day of October, 2018.

By: /s/ *Michelle D. Cofiño*
Michelle D. Cofiño, Esq.
Florida Bar No.: 27684