UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMY WILSON,

      Plaintiff,

v.                              Case No.:  2:18-cv-692-FtM-38MRM

RELIANT REAL ESTATE
MANAGEMENT, LLC,

      Defendant.

_____/

### REPORT AND RECOMMENDATION

The parties filed a Joint Motion to Review and Approve FLSA Settlement Agreement on February 13, 2020.  (Doc. 35).  Plaintiff, Jeremy Wilson, and Defendant, Reliant Real Estate Management, jointly request that the Court approve the terms of their proposed Fair Labor Standards Act ("FLSA") Settlement Agreement (Doc. 35-1) and dismiss this case with prejudice. (Doc. 57 at 1).  After a careful review of the parties' submissions and the record, the Undersigned respectfully recommends that the presiding United States District Judge **DENY** without prejudice the parties' motion (Doc. 35).

### BACKROUND

On September 13, 2018, Plaintiff filed his Complaint in the 20th Judicial Circuit Court in and for Charlotte County, Florida alleging violations of the Fair Labor Standards Act ("FLSA"), Florida Whistleblower Retaliation, and Breach of Oral Contract.  (Doc. 1-2 at 9-15).  On October 19, 2018, Defendant removed the action to this Court.  (Doc. 1).  In his Complaint, Plaintiff alleges he worked for Defendant as a non-exempt, hourly paid Facility Manager from September

20, 2017, until January 21, 2018.  (Doc. 1-2 at 4).[1]  Plaintiff contends that Defendant misclassified Plaintiff as an exempt employee to avoid its obligations under the FLSA.  (*Id*.).  Plaintiff claims that during the time he worked for Defendant, he was not compensated for hours worked in excess of forty (40) hours per workweek at one and one-half his regular rate of pay as required under the FLSA.  (*Id*. at 5).  Defendant denies all allegations of wrongdoing under the FLSA.  (Doc. 16 at 2-3).

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Lynn's Food Stores*, 679 F.2d at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Lynn's Food Stores*, 679 F.2d at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Lynn's Food Stores*, 679 F.2d at 1353.  When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages.  *Id.* at 1354.  Specifically, the Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely

---

[1]  Page citations to the record refer to the CM/ECF pagination unless otherwise noted.

> to reflect a reasonable compromise of disputed issues than a mere
> waiver of statutory rights brought about by an employer's
> overreaching. If a settlement in an employee FLSA suit does reflect
> a reasonable compromise over issues, such as FLSA coverage or
> computation of back wages, that are actually in dispute; we allow
> the district court to approve the settlement in order to promote the
> policy of encouraging settlement of litigation.

*Id.* at 1354.

Applying these standards, the Undersigned analyzes the claims, defenses, and proposed

settlement in this case below.

## ANALYSIS

*Bona Fide Dispute*

As a threshold matter, the Undersigned finds that a bona fide dispute exists between the

parties. As the parties adequately explain in their joint motion:

> Reliant denies any wrongdoing under the FLSA and denies that
> Plaintiff worked the hours that he alleges or that he is entitled to any
> relief whatsoever. Therefore a bona fide dispute exists between the
> parties regarding whether Plaintiff is entitled to payment of overtime
> compensation and if Plaintiff is so entitled, how much overtime, if
> any, is owed.

(Doc. 35 at 2). For these reasons, it is clear that the parties have a bona fide dispute in this case.

Thus, the question becomes whether the terms of the proposed settlement are fair and reasonable.

The Undersigned addresses the monetary terms, the attorneys' fees, and release of claims against

Defendant separately below.

*Monetary Terms*

As indicated above, Plaintiff alleged in his Complaint that he regularly worked in excess

of forty (40) hours within a work week and that Defendant deprived him of proper overtime

compensation. (*See* Doc. 1-2 at 4). As to damages, Plaintiff stated in his Complaint:

> Plaintiff estimates his FLSA damages to be, as follows: Plaintiff was
> paid at a regular rate of $16.00 per hour. As such, Plaintiff's

> overtime rate should have been $24.00 for each overtime hour worked ($16.00 X 1.5). Plaintiff is therefore owed $24.00 per hour, multiplied by his average stolen overtime hours worked per week of ten (10), totaling $240.00 per work week ($24.00 X 10 OT HOURS). Plaintiff's employment lasted seventeen (17) work weeks. $240.00 X 17 weeks=$4,080.00 in unliquidated damages, and $8,160.00 in liquidated damages.

(*Id*. at 5).

In total, Plaintiff calculated Defendant owed him $12,240.00 under the FLSA. (*Id*.). Under the proposed Settlement Agreement, however, Plaintiff will receive a total settlement in the amount of $4,500.00 to resolve "his underlying claims for alleged unpaid overtime wages." (Doc. 35 at 3). The Undersigned notes that the settlement agreement does not provide for liquated damages. The parties state that:

> The parties do not believe that liquidated damages are warranted under the circumstances. Specifically, the parties do not believe there was intent or willfulness. The Parties submit that the settlement amount agreed upon is fair and reasonable give the existence of multiple disputed legal and factual issues involving Plaintiff's claims, including whether Defendant owed any relief to Plaintiff at all under the Fair Labor Standards Act.

(*Id*. at 5). Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc*., 551 F.3d 1233, 1282 (11th Cir. 2008).

The Undersigned accepts this representation and concludes that Defendant had a good-faith reason for failing to pay the disputed wages. The Undersigned finds the parties' justification for the proposed settlement, including the monetary terms, to be persuasive, fair, and reasonable. Thus, the Undersigned finds the proposed monetary terms of settlement are a fair and reasonable resolution of the bona fide dispute in this case.

*Attorney's Fees*

The proposed settlement includes an agreement that Plaintiff's counsel receive $486.30 in costs, and $3,513.70 in attorneys' fees, totaling $4,000.00. (Doc. 35 at 6). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228. In the instant case, the parties state that "[t]his amount was negotiated separate from and without regard to the amount paid to Plaintiff to settle Plaintiff's alleged

FLSA claim." (Doc. 35 at 6). Thus, the Undersigned finds that the amount of attorney's fees is reasonable.

*Release*

The *Lynn's Food Stores* analysis also necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). The Court typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted).

Additionally, this Court has found that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351. Specifically, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Id.* The Court has found that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Id.* at 1352.

Notwithstanding this line of cases, however, other jurists have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1

(M.D. Fla. Sept. 21, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015).

In the instant case, the Settlement Agreement includes a release stating:

> Plaintiff has been given a reasonable time to review this settlement agreement and has consulted with his attorney, prior to executing this agreement, having elected to execute this agreement, to fulfill the promises set forth herein, and to receive the sums set forth in this agreement, plaintiff freely and knowingly and after due consideration, enters into this agreement intending to waive, settle and release all claims the he has or might have against defendant.

(Doc. 35-1 at 4). The parties do not expressly discuss Plaintiff's waiver and release of all claims against Defendant, but the parties do state "[t]o avoid the costs and uncertainty of further litigation, Defendant has agreed upon a settlement in order to resolve *all* of Plaintiff's claims in this case, including the FLSA claims." (Doc. 35 at 3 (emphasis added)). As to Plaintiff's retaliation claim, however, the Parties state in their motion that the "Parties acknowledge that Plaintiff has also brought a claim for retaliation under Florida's Whistleblower statute. This claim has been resolved separately and independently, and has not prejudiced Plaintiff's FLSA claims and/or settlement of his FLSA claims." (*Id*. at n.1).

Still, it appears the release contained in the Settlement Agreement is a general release of all potential claims against Defendant. (*See* Doc. 35-1 at 4). The Parties do not attempt to explain whether there was any additional consideration paid for Plaintiff's release of his breach of oral contract claim and all other potential claims against Defendant. Thus, the task of determining adequate consideration for such forgone and unknown claims is impossible without more explanation. The Court is, therefore, unable to determine whether this aspect of the proposed settlement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, this Court cannot make the requisite determination under *Lynn's Food Stores* as to the fairness and reasonableness of the proposed settlement in this case. Although the terms of the settlement appear to the Undersigned to be fair and reasonable, the issues relating to the Plaintiff's release of claims against Defendant preclude approval of the settlement as currently proposed.

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.   The Joint Motion to Review and Approve FLSA Settlement be **DENIED** without prejudice;

2.   The parties be ordered to file an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein by a date certain to be selected by the presiding District Judge.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on February 24, 2020.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir.

R. 3-1.


Copies furnished to:


Counsel of Record
Unrepresented Parties