UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMY WILSON,

      Plaintiff,

v.                           Case No.:   2:18-cv-692-FtM-38MRM

RELIANT REAL ESTATE
MANAGEMENT, LLC,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

The parties filed a Joint Motion to Review and Approve FLSA Settlement Agreement on April 6, 2020.  (Doc. 38).  Plaintiff, Jeremy Wilson, and Defendant, Reliant Real Estate Management, jointly request that the Court approve the terms of their proposed Fair Labor Standards Act ("FLSA") Settlement Agreement (Doc. 38-1) and dismiss this case with prejudice. After a careful review of the parties' submissions and the record, the Undersigned respectfully recommends that the presiding United States District Judge **GRANT** the parties' motion (Doc. 38).

## BACKROUND

On September 13, 2018, Plaintiff filed his Complaint in the 20th Judicial Circuit Court in and for Charlotte County, Florida alleging violations of the Fair Labor Standards Act ("FLSA"), Florida Whistleblower Retaliation, and Breach of Oral Contract.  (Doc. 1-2 at 9-15).  On October 19, 2018, Defendant removed the action to this Court.  (Doc. 1).  In his Complaint, Plaintiff alleges he worked for Defendant as a non-exempt, hourly paid Facility Manager from September

20, 2017, until January 21, 2018. (Doc. 1-2 at 4).[1] Plaintiff contends that Defendant misclassified Plaintiff as an exempt employee to avoid its obligations under the FLSA. (*Id*.). Plaintiff claims that during the time he worked for Defendant, he was not compensated for hours worked in excess of forty (40) hours per workweek at one and one-half his regular rate of pay as required under the FLSA. (*Id*. at 5). Defendant denies all allegations of wrongdoing under the FLSA. (Doc. 16 at 2-3).

On February 13, 2020, the parties filed their original Joint Motion to Review and Approve FLSA Settlement Agreement. (Doc. 35). On March 5, 2020 this Court entered a Report and Recommendation recommending the District Judge deny the parties' motion without prejudice. (Doc. 36 at 1). The Undersigned took issue with the general release within the Settlement Agreement, because the parties did not explain whether there was adequate consideration paid for the release of Plaintiff's breach of oral contract claim and all other potential claims against Defendant. (*Id*. at 7). The Undersigned recommended that the parties be ordered to file an amended joint motion to approve the settlement agreement that adequately addressed the issues noted in the Report and Recommendation. (*Id*. at 8). On March 23, 2020, the presiding District Judge accepted and adopted the Undersigned's Report and Recommendation and ordered the parties to file an amended joint motion to approve the settlement on or before April 6, 2020. (Doc. 37 at 2). The parties complied. (Doc. 38).

Because the instant motion adequately addresses the Court's previously stated concerns, the Undersigned recommends that the parties' motion should be granted.

---

[1] Page citations to the record refer to the CM/ECF pagination unless otherwise noted.

**LEGAL STANDARD**

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Lynn's Food Stores*, 679 F.2d at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Lynn's Food Stores*, 679 F.2d at 1353. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. Specifically, the Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Applying these standards, the Undersigned analyzes the claims, defenses, and proposed settlement in this case below.

# ANALYSIS

*Bona Fide Dispute*

As a threshold matter, the Undersigned finds that a bona fide dispute exists between the

parties.  As the parties adequately explain in their joint motion:

> Reliant denies any wrongdoing under the FLSA and denies that
> Plaintiff worked the hours that he alleges or that he is entitled to any
> relief whatsoever.  Therefore a *bona fide* dispute exists between the
> parties regarding whether Plaintiff is entitled to payment of overtime
> compensation and if Plaintiff is so entitled, how much overtime, if
> any, is owed.

(Doc. 38 at 2).  For these reasons, it is clear that the parties have a bona fide dispute in this case.

Thus, the question becomes whether the terms of the proposed settlement are fair and reasonable.

The Undersigned addresses the monetary terms, the attorneys' fees, and release of claims against

Defendant separately below.

*Monetary Terms*

As indicated above, Plaintiff alleged in his Complaint that he regularly worked in excess

of forty (40) hours within a work week and that Defendant deprived him of proper overtime

compensation.  (*See* Doc. 1-2 at 4).  As to damages, Plaintiff stated in his Complaint:

> Plaintiff estimates his FLSA damages to be, as follows: Plaintiff was
> paid at a regular rate of $16.00 per hour.  As such, Plaintiff's
> overtime rate should have been $24.00 for each overtime hour
> worked ($16.00 X 1.5).  Plaintiff is therefore owed $24.00 per hour,
> multiplied by his average stolen overtime hours worked per week of
> ten (10), totaling $240.00 per work week ($24.00 X 10 OT
> HOURS).  Plaintiff's employment lasted seventeen (17) work
> weeks.  $240.00 X 17 weeks=$4,080.00 in unliquidated damages,
> and $8,160.00 in liquidated damages.

(*Id*. at 5).

In total, Plaintiff calculated that Defendant owed him $12,240.00 under the FLSA.  (*Id*.).

Under the proposed Settlement Agreement, however, Plaintiff will receive a total settlement in

the amount of $4,500.00 to resolve "his underlying claims for alleged unpaid overtime wages." (Doc. 38 at 4).  The Undersigned notes that the settlement agreement does not provide for liquated damages.  The parties state that:

> The parties do not believe that liquidated damages are warranted under the circumstances. Specifically, the parties do not believe there was intent or willfulness.  The Parties submit that the settlement amount agreed upon is fair and reasonable give the existence of multiple disputed legal and factual issues involving Plaintiff's claims, including whether Defendant owed any relief to Plaintiff at all under the Fair Labor Standards Act.

(*Id*. at 7).  Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc*., 551 F.3d 1233, 1282 (11th Cir. 2008).

The Undersigned accepts this representation and concludes that Defendant had a good-faith reason for failing to pay the disputed wages.  The Undersigned finds the parties' justification for the proposed settlement, including the monetary terms, to be persuasive, fair, and reasonable.  Thus, the Undersigned finds the proposed monetary terms of settlement are a fair and reasonable resolution of the bona fide dispute in this case.

*Attorney's Fees*

The proposed settlement includes an agreement that Plaintiff's counsel receive $486.30 in costs, and $3,513.70 in attorneys' fees, totaling $4,000.00.  (Doc. 38 at 8).  As explained in

*Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, the parties state that "[t]his amount was negotiated separate from and without regard to the amount paid to Plaintiff to settle Plaintiff's alleged FLSA claim."  (Doc. 38 at 8).  Thus, the Undersigned finds that the amount of attorney's fees is reasonable.

*Release*

The *Lynn's Food Stores* analysis also necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims.  *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015).  The valuation of unknown claims is a "fundamental impediment" to a fairness determination.  *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010).  The Court typically "cannot determine, within any reasonable degree of certainty, the

expected value of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted).

Additionally, this Court has found that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351. Specifically, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Id.* The Court has found that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Id.* at 1352.

Notwithstanding this line of cases, however, other jurists have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015).

In the instant case, the Settlement Agreement includes a release stating:

> Plaintiff has been given a reasonable time to review this settlement agreement and has consulted with his attorney, prior to executing this agreement, having elected to execute this agreement, to fulfill the promises set forth herein, and to receive the sums set forth in this agreement, plaintiff freely and knowingly and after due consideration, enters into this agreement intending to waive, settle and release all claims the he has or might have against defendant.

(Doc. 38-1 at 4 (emphasis omitted)).

The Undersigned's March 5 Report and Recommendation expressed concern that the parties did not address Plaintiff's waiver and release of all claims against Defendant. (Doc. 36 at 7). In the motion *sub judice*, however, the Undersigned finds the parties have adequately explained that the release in this case was negotiated separately from Plaintiff's FLSA claim. (*See* Doc. 38 at 3-4). Specifically, the parties state:

> The Parties resolved separately and independent to his FLSA claims, Plaintiff's claims for alleged breach of contract and violation of the FWA. These claims were negotiated and resolved separately to Plaintiff's claims under the FLSA. The consideration for the release of Plaintiff's claims was made separate to and did not prejudice or affect the consideration described below regarding Plaintiff's FLSA claims. Separate consideration was made for nonmonetary terms, including a release of these claims and confidentiality with regard to the release of these claims.

(*Id*.).

Thus, it appears there has been adequate consideration for any forgone non-wage claims Plaintiff may have had against Defendant and that such consideration was negotiated separately and independently between the parties. The Undersigned finds, therefore, that the release contained in the proposed settlement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, this Undersigned finds the parties' Joint Motion for Approval of the Settlement Agreement (Doc. 38) and the FLSA Settlement Agreement (Doc. 38-1) are fair and reasonable.

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.  The Joint Motion to Review and Approve FLSA Settlement be **GRANTED** (Doc. 38);

2.   If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on April 17, 2020.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties